UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBIN TRUPP, Ph.D, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02587-SEB-DLP |
| | ) | |
| ROCHE DIAGNOSTICS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>Order</u>

This matter comes before the Court on the Defendant's Motion for Protective Order and/or to Quash Non-Party Document Production Subpoenas (Dkt. 55). The motion was referred to the Undersigned for ruling and, for the reasons that follow, is hereby **GRANTED IN PART** and **DENIED IN PART**.

I.    **Background**

The Plaintiff served as the Director of Medical and Scientific Affairs, Cardiac ("MSA") for the Defendant, Roche Diagnostics Corporation ("Roche") from 2015 until she was placed on administrative leave on August 31, 2018. [Dkt. 59 at 1.] The MSA department is responsible for responding to various customer questions regarding the off-label use of medication or devices. [Dkt. 56 at 4.] In early 2018, one of the Plaintiff's subordinates aired some concerns that Roche was "not being transparent in educating and communicating with Roche customers about the Gen 5 STAT

1

assay[1]." [Dkt. 59 at 5.] Both the Plaintiff and her subordinate believed that additional education should be provided to Roche's customers, hospitals and other medical providers, to alert them to potential performance differences. [Dkt. 59 at 5; Dkt. 56 at 4.] In March 2018, the Plaintiff brought these concerns about customer education regarding off-label use to her supervisors. [Dkt. 56 at 5.]

The Plaintiff claimed that the Defendant retaliated against her for raising concerns about customer education related to off-label use of the Gen 5 STAT assay. [Dkt. 1.] Plaintiff then filed this lawsuit on August 22, 2018, alleging that she had been discriminated against in violation of both the False Claims Act and Family Medical Leave Act[2]. [*Id.*]

During the discovery process of this action, Plaintiff previously attempted to serve requests for production and subpoenas to five of the Defendant's customers. During a March 8, 2019 telephonic discovery conference, the Court instructed the Plaintiff that she was not permitted to issue the requests and subpoenas until after depositions and the settlement conference had been completed. The parties participated in an unsuccessful settlement conference on April 25, 2019. Thereafter, on April 30, 2019, the Plaintiff notified the Defendant of her intention to serve requests for production and subpoenas to ten of the Defendant's customers. The parties contacted the Undersigned's chambers to schedule a telephonic discovery

---

[1] The Gen 5 STAT assay is used to aid in the diagnosis of a myocardial infarction. [Dkt. 56 at 3-4; Dkt. 59 at 5.] Two different instruments can use this assay, but the instruments perform differently, especially at different time intervals. [*Id.*] The differences in the testing methods, in part, led to the Plaintiff's concerns about customers potentially misusing the Gen 5 STAT assay.
[2] The parties reference only the False Claims Act in their briefing. Accordingly, the Court will only address the parties' arguments in relation to the False Claims Act.

2

conference, which was conducted on May 8, 2019. Pursuant to the briefing schedule issued by the Court, the Defendant filed the present Motion for Protective Order and/or Motion to Quash on May 10, 2019. The Plaintiff filed a response on May 14, 2019 and the Defendant filed a reply on May 17, 2019.

II. **Legal Standard**

Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial. 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994). To effectuate these purposes, the federal discovery rules are liberally construed. *Spier v. Home Ins. Co.*, 404 F.2d 896 (7th Cir. 1968). See also 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44 (2d ed. 1994).

Rule 26 of the Federal Rules of Civil Procedure permits the discovery of nonprivileged matter "that is relevant" to a party's claim or defense and "proportional" to the needs of a case, considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. *See* Rule 26(b)(1). The Court must restrict the frequency and extent of discovery otherwise permitted under the rules if it determines that "(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "Discovery must hew closely to matters specifically described in the complaint lest discovery, because of its burden and expense, become the centerpiece of litigation strategy." *McCartor v.*

3

*Rolls-Royce Corp.,* No. 1:08-cv-00133-WTL-DML, 2013 WL 5348536, at *7 (S.D. Ind. Sept. 24, 2013).

When determining whether to enforce a discovery request, the court must weigh the need for the information, the breadth of the request, the time period the discovery covers, the particularity of the documents, and the burden imposed. *United States Securities and Exchange Commission v. Haab*, No. 1:15-cv-00659-JMS-MJD, 2016 WL 6610851, at *2 (S.D. Ind. Nov. 9, 2016) (citing *Charles v. Quality Carriers, Inc.*, No. 1:08-cv-00428-RLY-JMS, 2010 WL 396356, at *1 (S.D. Ind. Jan. 28, 2010)). The limits and breadth of discovery expressed in Rule 26 are applicable to non-party discovery under Rule 45. E.G. Advisory Committee Note regarding 1991 amendments to Rule 45 ("non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."). *Noble Roman's Inc. v. Hattenhauer Distrib. Co.,* 314 F.R.D. 304, 306 (S.D. Ind. 2016) (citing *Jackson v. Brinker*, 147 F.R.D. 189, 193-94 (S.D. Ind. 1993) (internal citations omitted).

Federal Rule 26(b), describing the scope and limits of discovery, was amended effective December 1, 2015, to once again protect against over-discovery and to emphasize judicial management of the discovery process. *United States ex rel. Conroy v. Select Med. Corp.,* 307 F. Supp. 3d 896 (S.D. Ind. 2018). Magistrate judges enjoy extremely broad discretion in controlling discovery. *Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1115 (7th Cir. 2013). A court may issue a protective order, on

4

motion or its own initiative, to limit discovery if it is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26, 2015 Advisory Committee Notes.

## III. Discussion

In March 2019, the Plaintiff originally sought to send non-party subpoenas to five (5) of the Defendant's customers. The Plaintiff now seeks to issue non-party subpoenas and requests for production to ten (10) of the Defendant's customers. These customers include several of the most widely known hospital systems in the nation, including Mayo Clinic and Cleveland Clinic. The subpoenas seek all patient, Medicare, and Medicaid billing records related to the Gen 5 STAT assay for a seventeen-month period. The Defendant asks this Court to issue a protective order pursuant to 26(c) because the discovery requests exceed the scope of Rule 26, or to quash the Plaintiff's subpoenas pursuant to Rule 45 because they are unduly burdensome. The Plaintiff argues that the discovery requests are limited and proportional to her contention that she engaged in protected activity under the False Claims Act ("FCA"), or that the Defendant does not have standing to move to quash the subpoena and that creating additional attorney work is not a valid reason for preventing discovery.

### A. Motion to Quash

As an initial matter, the Court notes that Federal Rule of Civil Procedure 45 requires a motion to quash to be directed to the court for the district where compliance is required. *See* Fed. R. Civ. P. 45(d)(3)(A). Here, the Plaintiff's proposed subpoenas require compliance in eight different states, none of which are Indiana.

5

Therefore, this Court cannot consider a Rule 45 motion related to the Plaintiff's proposed non-party requests. Accordingly, the portion of the Defendant's motion requesting that this Court quash the Plaintiff's non-party subpoenas is **DENIED**. The Defendant alternatively requested a protective order related to the non-party subpoenas pursuant to Rule 26(c). This request is properly before the Court and will be addressed herein.

### B. Motion for Protective Order

This is a single-plaintiff employment discrimination suit, with the Plaintiff alleging retaliation for pursuing an FCA action. The FCA prohibits any person from making false or fraudulent claims for payment to the United States. 31 U.S.C. § 3729(a). An employee can pursue a claim for unlawful retaliation if she was discharged "because of lawful acts done by the employee ... in furtherance of an action under" the False Claims Act. 31 U.S.C. § 3730(h). In other words, a plaintiff must prove that [s]he was engaged in protected conduct and was fired "because of" that conduct. *United States ex rel. Uhlig v. Fluor Corp.*, 839 F.3d 628 (7th Cir. 2016).

The Plaintiff here alleges that her employer retaliated against her for engaging in protected activity in furtherance of an FCA action. According to the Seventh Circuit, actions are taken "in furtherance of" an FCA enforcement action and thus "protected" if " '(1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the *employer* is committing fraud against the government.' " *Fanslow v. Chicago Mfg.*

6

*Ctr., Inc.*, 384 F.3d 469, 480 (7th Cir. 2004) (emphasis added) (quoting *Moore v. Cal. Inst. of Tech. Jet Propulsion Lab.*, 275 F.3d 838, 845 (9th Cir. 2002)). This test involves an objective component as well as a subjective one. *Fanslow*, 384 F.3d at 479–80. Thus, the employee must use this test to "show that an FCA action is a 'distinct possibility' at the time of the investigation." *Id.* (citing *Neal v. Honeywell Inc.*, 33 F.3d 860, 864 (7th Cir. 1994)).

A retaliation plaintiff need not be able to prove fraud on the merits, and may proceed under Section 3830(h) independently of a *qui tam* action. *United States ex rel. Kietzman v. Bethany Circle of King's Daughters of Madison, Indiana, Inc.,* 305 F. Supp. 3d 964, 981-82 (S.D. Ind. 2018). "Congress intended to protect employees from retaliation while they are collecting information about a possible fraud, before they have put all the pieces of the puzzle together." *Fanslow*, 384 F.3d at 481.

FCA cases, including this case, are not about whether a third party committed fraud against the government; the relevant consideration for an FCA retaliation case is whether the Plaintiff is investigating whether his or her employer committed fraud against the government. Plaintiff's non-party requests here seek the billing records for 10 hospital systems across the country, none of which are the Plaintiff's employer. The Court struggles to determine how, for example, Mayo Clinic's billing records related to the Gen 5 STAT assay will offer any proof, support, or information as to the Plaintiff's claim that her employer, Roche, committed fraud or permitted fraud against the government. The actions of a third party are not the

7

actions of the Defendant, and neither party has presented persuasive or controlling authority to support such a proposition.

This Court not only has the power, but also the duty to manage discovery actively and to limit discovery that exceeds its proportional and proper bounds. *Noble Roman's*, 314 F.R.D. at 306. The Plaintiff's expansive non-party requests seek billing records from various hospital systems; based on the briefing, the Court concludes that these requests do not seek relevant information and are vastly disproportional to the needs of this case. The requests, therefore, fall outside the scope of discovery permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1). Thus, the Undersigned finds that a protective order is appropriate to enforce the scope and extent of the discovery process.

## IV.   Conclusion

Accordingly, the Defendant's Motion for Protective Order and/or to Quash Non-Party Document Production Subpoenas is **GRANTED IN PART** and **DENIED IN PART**. The request to quash pursuant to Rule 45 is **DENIED** for lack of jurisdiction. For the reasons noted above, the request for a protective order pursuant to Rule 26(c) is **GRANTED**.

So ORDERED.

Date: 5/24/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email